**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03006 JAK (MRWx) | | Date | April 11, 2012 |
|---|---|---|---|---|
| Title | Vista Specialty Hospital of Southern, L.P. v. UnitedHealthcare Insurance Company, et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Plaintiff Vista Specialty Hospital of Southern California filed this action in the Superior Court of the State of California, County of Los Angeles, Central District, on February 28, 2012. Notice of Removal, Exh. A, Dkt. 1. Plaintiff brought six state law causes of action against Defendant UnitedHealthcare Insurance Company. Defendant filed its Notice of Removal to this Court on April 5, 2012. Dkt. 1.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, this Court has subject matter jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be removed to federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.* Defendant alleges that it is "a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut," Notice of Removal ¶ 5, Dkt. 1; that the amount in controversy exceeds $75,000, *id.* at ¶ 8; and that Plaintiff is a "limited partnership, organized and existing under the laws of the State of California, with their principal place of business in the State of California," *id.* at ¶ 4. However, because Plaintiff is a partnership, it "is a citizen of all of the states of which its partners are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant has failed to plead the citizenship of Plaintiff's partners. Thus, the state(s) of which Plaintiff is a citizen have not been established.

The party seeking to establish jurisdiction bears the burden of proof on this issue. *Kokkonen*, 511 U.S. at 377. Here, the Notice of Removal does not carry this burden. Thus, it does not provide the required information noted above with respect to the alleged states of which each party is a citizen. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. On or before **April 25, 2012**, the parties are to submit any memoranda (each of which is not to exceed five pages) and any supporting evidentiary materials, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda and materials, the Court will determine whether a hearing on any issue raised is required or if the matter can be addressed by the Court without a hearing.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03006 JAK (MRWx) | Date | April 11, 2012 |
|---|---|---|---|
| Title | Vista Specialty Hospital of Southern, L.P. v. UnitedHealthcare Insurance Company, et al. | | |

Additionally, a defendant must file a notice of removal within 30 days of receipt of the initial pleading. 28 U.S.C. § 1446(b). Defendant alleges that it first received notice of this action on March 8, 2012, when it was served with Plaintiff's Summons and Complaint. To support this contention, Defendant has attached to its Notice of Removal a copy of the Summons. Exh. B, Dkt. 1. However, this Summons makes no mention of March 8, 2012. It does mention, however, three other dates: February 28, 2012; February 29, 2012; and March 6, 2012. Thus, the timeliness of Defendant's removal cannot be determined from these data. A district court does not have authority to remand a case *sua sponte* for a non-jurisdictional procedural defect under 28 U.S.C. § 1447(c). *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003). "[P]rocedural requirements exist primarily for the protection of the parties." *Id.* at 1192. A plaintiff may waive the procedural requirements in 28 U.S.C. § 1446(a) if the plaintiff wishes "to remain in federal court even though he or she originally filed in state court." *Id.*

In the event that Plaintiff wishes to preserve the right to object based upon any procedural defects in the Notice of Removal, Plaintiff must do so by filing an appropriate motion for remand within 30 days of the filing of the Notice of Removal. *See* 28 U.S.C. § 1447(c). The meet-and-confer requirement of Local Rule 7-3 is waived as to this potential motion. Should Defendant contend that the removal was timely, Defendant shall provide the evidentiary basis for that position as part of its April 25, 2012 filing.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |